UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMBASE CORPORATION, 111 WEST 57TH MANAGER FUNDING LLC, and 111 WEST 57TH INVESTMENT LLC, on behalf of itself and derivatively on behalf of 111 WEST 57TH PARTNERS LLC,

       Plaintiffs,

 -against-

111 WEST 57TH SPONSOR LLC, 111 WEST 57TH JDS LLC, PMG WEST 57TH STREET LLC, 111 WEST 57TH CONTROL LLC, 111 WEST 57TH DEVELOPER LLC, 111 WEST 57TH KM EQUITY LLC, 111 WEST 57TH KM GROUP LLC, KEVIN MALONEY, MATTHEW PHILLIPS, MICHAEL STERN, NED WHITE, 111 CONSTRUCTION MANAGER LLC, PROPERTY MARKETS GROUP, INC., JDS DEVELOPMENT LLC, and JDS CONSTRUCTION GROUP LLC,

       Defendants,

111 WEST 57TH PARTNERS LLC,

       Nominal Defendant.

Docket No. 1:18-cv-5482

**NOTICE OF REMOVAL**

---

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK:

This Notice of Removal by defendants 111 West 57th Sponsor LLC, 111 West 57th JDS LLC, PMG West 57th Street LLC, 111 West 57th Control LLC, 111 West 57th Developer LLC, 111 West 57th KM Equity LLC, 111 West 57th KM Group LLC, Kevin Maloney, Matthew Phillips, Michael Stern, Ned White, 111 Construction Manager LLC, Property Markets Group, Inc., JDS Development LLC, and JDS Construction Group LLC and nominal defendant 111 West 57th Partners LLC (collectively, "Defendants") is filed pursuant to 28 U.S.C. § 1441, *et seq*. in

1

order to remove the above-captioned action, bearing Index No. 652301/2016, from the New York State Supreme Court, County of New York (the "State Court"), to the United States District Court for the Southern District of New York. Defendants respectfully state as follows:

1. On April 29, 2016, Plaintiffs AmBase Corporation, 111 West 57th Manager Funding LLC, 111 West 57th Investment LLC, on behalf of itself and derivatively on behalf of 111 West 57th Partners LLC (collectively, "Plaintiffs"), commenced an action against certain of the Defendants by filing a summons and complaint in the State Court.

2. Thereafter, Plaintiffs amended their complaint, filing an Amended Complaint on September 19, 2016, and a Second Amended Complaint on October 14, 2016, against certain Defendants (collectively, with the original complaint, the "Prior Complaints"). These certain Defendants thereafter moved to dismiss the Second Amended Complaint, and on January 29, 2018, the State Court granted, in part, and denied, in part, the motion to dismiss.

3. None of the Prior Complaints asserted any claim arising under federal law or any other basis for federal court jurisdiction.

4. On May 17, 2018, the State Court "so ordered" a stipulation permitting Plaintiffs to amend their complaint again to add additional defendants and additional claims. On May 18, 2018, Plaintiffs served their Third Amended Complaint (the "Complaint") and the Supplemental Summons on Defendants, including the newly added defendants. A copy of the Third Amended Complaint and the Supplemental Summons are annexed hereto as Exhibit A. Plaintiffs' affidavit of service for the Third Amended Complaint and Supplemental Summons is annexed hereto as Exhibit B.

5. The Third Amended Complaint asserts, for the first time, federal claims under the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961, *et seq.*

2

The assertion of those federal RICO claims constitutes the first time that there has been a basis for federal court jurisdiction in this case.

6. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of Plaintiffs' service of the Supplemental Summons and Third Amended Complaint. Pursuant to a stipulation between the parties, Defendants' time to answer or move to dismiss the Complaint has not yet expired.

7. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and thus removal to this Court is proper under 28 U.S.C. § 1441(a).

8. The first six claims for relief in the Complaint (¶¶ 402-448) allege violations of the federal RICO Act. Specifically, the first through third, and fifth, claims for relief allege that different groups of Defendants violated Section 1962(c) of the RICO Act. The fourth and sixth claims for relief allege that two different subsets of Defendants violated Section 1962(d) of the RICO Act. The remaining 12 claims for relief allege various state common law claims.

9. Because the RICO Act is a federal law, under 28 U.S.C. § 1331, this Court has original, federal question jurisdiction over the first six claims for relief. *See, e.g., Davis v. Yeroushalmi*, 985 F. Supp. 2d 349, 358 (S.D.N.Y. 2013) (where complaint asserts claims under §§ 1962(c) and (d) of RICO, "there can be no dispute that the Complaint—on its face—is drawn to seek recovery under federal law"). Further, courts in this Circuit routinely permit removal where a plaintiff asserts a RICO claim. *See, e.g., Doe v. Norwich Roman Catholic Corp.*, 606 F. Supp. 2d 244, 245 (D. Conn. 2009) ("Cases over which district courts have original jurisdiction but which are originally filed in state court are removable pursuant to 28 U.S.C. § 1441(a). Applying these principles to this case, the Court has federal-question jurisdiction over Plaintiff's RICO claims because she has pleaded violations of 18 U.S.C. § 1962."); *ABF Capital Mgm't v.*

*Askin Capital Mgm't, L.P.*, 957 F.Supp. 1308, 1317 (S.D.N.Y. 1997) (case removed where Plaintiffs asserted six state law claims and one claim for violation of the civil RICO statute); *see also Knight v. Mooring Capital Fund, LLC,* 749 F.3d 1180, 1183 (10th Cir. 2014) ("In removing the action, defendants . . . cited federal-question jurisdiction. [Plaintiff's] assertion of federal-law claims under RICO supports federal-question jurisdiction.").

10. In addition, this Court has supplemental jurisdiction over the remaining 12 state common law claims because those claims "are so related to" the RICO claims "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. A claim is part of the "same case or controversy" whenever "it and the federal claim 'derive from a common nucleus of operative fact.'" *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004). Here, each of the state law claims arise from the same real estate project that forms the basis of the RICO claims. (*See* Complaint at 2.)

11. A copy of all other process, pleadings, and substantive orders (i.e., excluding ministerial, procedural, and administrative orders, such as setting briefing schedules and extending page limits) filed in the action are annexed hereto as Exhibit C pursuant to 28 U.S.C. § 1446(a).

12. Written notice of the filing of this Notice of Removal is being provided to Plaintiffs pursuant to the Certificate of Service below, and a Notice of Filing of Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York, as required by 28 U.S.C. § 1441(d).

13. The facts stated herein were true at the time of the service of the Complaint and are true as of the filing of this Notice of Removal.

14. By filing this Notice of Removal, Defendants do not waive, either expressly or implicitly, their right to assert any defenses that they could have asserted in the State Court.

**WHEREFORE**, Defendants, respectfully request that the above captioned action, now pending in the Supreme Court of the State of New York, County of New York, be removed to this Court.

Dated: New York, New York
June 18, 2018

KATSKY KORINS LLP

By: _____
Joel S. Weiss
(jweiss@katskykorins.com)
Robert A. Abrams
(rabrams@katskykorins.com)
Haley E. Adams
(hadams@katskykorins.com)

605 Third Avenue
New York, New York 10158
Tel: (212) 953-6000

*Counsel for Defendants PMG West 57th Street LLC, 111 West 57th KM Equity LLC, 111 West 57th KM Group LLC, Kevin Maloney, Ned White, and Property Markets Group, Inc.*

*Co-Counsel for Defendants 111 West 57th Sponsor LLC, 111 West 57th Control LLC, 111 West 57th Developer LLC, 111 Construction Manager LLC, and 111 West 57th Partners LLC*

KASOWITZ BENSON TORRES LLP

By: _____
Paul M. O'Connor III
(poconnor@kasowitz.com)
Emilie B. Cooper
(ecooper@kasowitz.com)
Jennifer McDougall
(jmcdougall@kasowitz.com)

1633 Broadway
New York, New York 10019
Tel: (212) 506-1700

*Counsel for Defendants 111 West 57th JDS LLC, Michael Stern, Matthew Phillips, JDS Development LLC, and JDS Construction Group LLC*

*Co-Counsel for Defendants 111 West 57th Sponsor LLC, 111 West 57th Control LLC, 111 West 57th Developer LLC, 111 Construction Manager LLC, and 111 West 57th Partners LLC*

503313-4-W

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2018, a copy of the foregoing Notice of Removal was served by first class mail, postage prepaid, on:

> MEISTER SEELIG & FEIN LLP
> Stephen B. Meister, Esq.
> Stacey Ashby, Esq.
> 125 Park Avenue, 7th Floor
> New York, NY 10017
> Tel: (212) 655-3500
>
> -and-
>
> COOPER & KIRK PLLC
> David H. Thompson, Esq.
> Nicole Jo Moss, Esq.
> Haley N. Proctor, Esq.
> 1523 New Hampshire Avenue, N.W.
> Washington, DC 20036
> Tel: (202) 220-9600

*Attorneys for Plaintiffs*

_____

503313-2-W