| | | |
|---|---|---|
| **COOPER & KIRK, PLLC**<br>1523 New Hampshire Ave., N.W.<br>Washington, D.C. 20036<br>(202) 220-9600 | **KATSKY KORINS LLP**<br>605 Third Avenue<br>New York, NY 10158<br>(212) 953-6000 | **KASOWITZ BENSON TORRES LLP**<br>1633 Broadway<br>New York, NY 10019<br>(212) 506-1700 |

October 18, 2018

<u>**VIA ECF AND EMAIL**</u>

The Honorable Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *AmBase Corporation, et al. v. 111 West 57th Sponsor, LLC, et al.*
                  Case No. 18-CV-05482 (AT)(GWG)(S.D.N.Y.)

Dear Judge Torres:

      In accordance with the Initial Pretrial Conference Order dated June 25, 2018 (Doc. No. 5) and the scheduling order dated August 28, 2018 (Doc. No. 41), the parties jointly submit this letter. The Initial Pretrial Conference is scheduled for 3:30 pm on October 25, 2018.

      1(a). <u>Brief Description of the Case: Plaintiffs' Claims</u>. The following summary has been drafted by plaintiffs' counsel and its inclusion in this letter does not indicate any agreement by defendants: Plaintiffs are investors in a development project sponsored by defendants or their affiliates and are the victims of an elaborate and long-running fraudulent scheme that has cost them and others many millions of dollars. Plaintiffs contend that defendants made false representations to induce them to invest nearly $70 million on a development project they were both incapable of executing and abused to promote their own interests at the expense of other investors. The scheme included payroll fraud, insurance fraud, and false representations to induce banks to loan the project $725 million. Along the way, in an effort to prevent plaintiffs from uncovering their scheme and scores of millions of dollars of cost overruns, defendants maintained two sets of books, routinely and repeatedly falsified financial records, including monthly bank requisitions, entered into fictional contracts, and denied plaintiffs access to information to which they were both statutorily and contractually entitled. Defendants' actions have resulted in a foreclosure, albeit one that wiped out only plaintiffs', and not defendants', investment in the project.

      Plaintiffs bring claims under the Racketeer-Influenced and Corrupt Organizations Act (RICO), for injuries suffered due to defendants' numerous acts of wire and mail fraud. Plaintiffs also seek a declaration of their rights, damages, and indemnification for various breaches of

Hon. Analisa Torres
October 18, 2018
Page 2

contract, breaches of fiduciary duty, and fraud. Plaintiffs contend that their RICO claims are adequately pleaded and that their state law claims are either new or have been repleaded to address alleged pleading deficiencies. Even if this court were to dismiss the RICO claims, Plaintiffs further propose that the court exercise supplemental jurisdiction to avoid further prolonging this already-two-year-old case.

   1(b). <u>Brief Description of the Case: Defendants' Defenses and Counterclaims</u>.  The following summary has been drafted by defendants' counsel and its inclusion in this letter does not indicate any agreement by plaintiffs:  This action involves a dispute arising out of a joint venture that the parties entered into in pursuit of the development of a luxury condominium building located at 111 West 57th Street in Manhattan (the "Project").  Defendants deny the material allegations of the Third Amended Complaint (the "TAC").  In addition, they contend that, despite their diligent efforts to make the Project a success, they were repeatedly undermined by AmBase and its wholly owned subsidiary, Investment (collectively, "AmBase").  Among other things, although AmBase was intended to be the "monied" partner, whose primary contribution to the Project was to provide needed funds (whereas defendants contributed funds, expertise, and management), AmBase abruptly refused to fund a capital call during a critical juncture in the Project.  Thereafter, when the Project encountered increasing expenses, as is common in complex real estate developments (particularly where, as here, the Project consists of a slender skyscraper with novel engineering and construction challenges), it needed an infusion of additional capital.  Defendants secured this capital from a well-regarded investment firm (Baupost), but AmBase blocked that refinancing, which was manifestly in the best interests of the Project.  AmBase refused to consent to the refinancing unless defendants paid AmBase an extortionate amount of money to which AmBase was not entitled.  Indeed, AmBase refused to consent even when defendants proposed that such consent would be without prejudice to, and AmBase could retain and prosecute, every one of its claims against defendants.  AmBase's actions resulted in the Project being lost to foreclosure.

   The RICO claims in the TAC, which are the sole basis for federal jurisdiction, are legally insufficient for the reasons set forth in defendants' pending motion to dismiss.  Additionally, the TAC improperly reasserts state-law claims that were previously dismissed by the state court prior to removal.  Defendants submit that the Court should grant the motion to dismiss and remand any remaining claims to the state court.

   2. <u>Contemplated Motions</u>.

  (a) Plaintiffs contemplate making the following motions:

    (i) Plaintiffs reserve the right to seek the Court's leave to move for summary judgment if appropriate.

    (ii) If discovery is not stayed, plaintiffs anticipate that various issues, including the scope of defendants' document collection and their withholding of allegedly privileged documents, may require motion practice.

507834-5-W

Hon. Analisa Torres
October 18, 2018
Page 3

    (b)    Defendants contemplate making the following motions:

        (i)    Defendants intend to move for a stay of discovery in this action, pending the disposition of their motion to dismiss.

        (ii)    If discovery is not stayed, there are issues and disputes pertaining to the intentional deletion of emails by AmBase's Chief Executive Officer, which took place approximately four months after the commencement of the lawsuit. These issues and disputes will likely result in motion practice and possibly sanctions pertaining to spoliation of evidence.

        (iii)    If discovery is not stayed, there are other as yet unresolved discovery disputes, including concerning the withholding of allegedly privileged documents, plaintiffs' refusal to produce relevant documents in the possession of its Board of Directors, and other issues that may require motion practice.

        (iv)    Defendants reserve the right to seek the Court's leave to move for summary judgment if appropriate.

    3. <u>The Prospect for Settlement</u>. The parties and their counsel have on several occasions engaged in settlement negotiations, but those efforts have been unsuccessful to date. Plaintiffs are open to settlement discussions and mediation. Defendants do not believe that further negotiations at this time would be fruitful.

Hon. Analisa Torres
October 18, 2018
Page 4

Respectfully submitted,

MEISTER SEELIG & FEIN LLP

*Kevin Fritz/hp*

Stephen B. Meister, Esq.
Stacey M. Ashby, Esq.
Kevin A. Fritz, Esq.
Eugene Meyers, Esq.
125 Park Avenue, 7th Floor
New York, New York 10017
Phone: (212) 655-3500
sbm@msf-law.com
*Attorneys for Plaintiffs*

COOPER & KIRK, PLLC

*Haley Proctor*

David H. Thompson*
Peter A. Patterson*
Brian W. Barnes*
Nicole J. Moss*
  Haley N. Proctor*
   * *Admitted Pro Hac Vice*
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com
*Attorneys for Plaintiffs*

KATSKY KORINS LLP

By: _____
Joel S. Weiss
(jweiss@katskykorins.com)
Robert A. Abrams
(rabrams@katskykorins.com)
Haley E. Adams
(hadams@katskykorins.com)

605 Third Avenue
New York, NY 10158
Tel: (212) 953-6000

*Counsel for Defendants PMG West 57th Street LLC, 111 West 57th KM Equity LLC, 111 West 57th KM Group LLC, Kevin Maloney, Ned White, and Property Markets Group, Inc.*

*Co-Counsel for Defendants 111 West 57th Sponsor LLC, 111 West 57th Control LLC, 111 West 57th Developer LLC, 111 Construction Manager LLC, and 111 West 57th Partners LLC*

KASOWITZ BENSON TORRES LLP

By: _____
Paul M. O'Connor III
(poconnor@kasowitz.com)
Jed I. Bergman
(jbergman@kasowitz.com)
Jennifer McDougall
(jmcdougall@kasowitz.com)

1633 Broadway
New York, NY 10019
Tel: (212) 506) 1700

*Counsel for Defendants 111 West 57th JDS LLC, Michael Stern, Matthew Phillips, JDS Development LLC, and JDS Construction Group LLC*

*Co-Counsel for Defendants 111 West 57th Sponsor LLC, 111 West 57th Control LLC, 111 West 57th Developer LLC, 111 Construction Manager LLC, and 111 West 57th Partners LLC*

507834-5-W