Case 1:18-cv-05482-AT Document 71 Filed 09/20/19 Page 1 of 7

**MANDATE**
18-3480
*AmBase Corp. v. 111 West 57th Sponsor LLC*

N.Y.S.D. Case #
18-cv-5482(AT)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand nineteen.

PRESENT:

        PETER W. HALL,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges*,
        JANE A. RESTANI,*
            *Judge*.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Sep 20 2019
```

AMBASE CORPORATION, 111 WEST 57TH MANAGER FUNDING LLC, 111 WEST 57TH INVESTMENT LLC, ON BEHALF OF ITSELF AND DERIVATIVELY ON BEHALF OF 111 WEST 57TH PARTNERS LLC,

        *Plaintiffs-Appellants*,

        v.                                    18-3480

111 WEST 57TH SPONSOR LLC, 111 WEST 57TH JDS LLC, PMG WEST 57TH STREET LLC, 111 WEST 57TH CONTROL LLC, 111 WEST 57TH DEVELOPER LLC, 111 WEST 57TH KM EQUITY LLC, 111 WEST 57TH KM

---

* Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

1

GROUP LLC, KEVIN MALONEY, MATTHEW PHILLIPS, MICHAEL STERN, NED WHITE, 111 CONSTRUCTION MANAGER LLC, PROPERTY MARKETS GROUP, INC., JDS DEVELOPMENT GROUP LLC, JDS CONSTRUCTION GROUP LLC,

    *Defendants-Appellees*,

111 WEST 57TH PARTNERS LLC,

    *Nominal Defendant*.

---

| | |
|---|---|
| Appearing for *Plaintiffs-Appellants*: | DAVID H. THOMPSON (Peter A. Patterson, Brian W. Barnes, Haley N. Proctor, Cooper & Kirk, PLLC, Washington, DC; Kevin A. Fritz, Meister Seelig & Fein LLP, New York, NY, *on the brief*), Cooper & Kirk, PLLC, Washington, DC. |
| Appearing for *Defendants-Appellees*: | PAUL M. O'CONNOR, III (Jed I. Bergman, Kasowitz Benson Torres LLP, New York, NY; Joel S. Weiss, Robert A. Abrams, Katsky Korins LLP, New York, NY, *on the brief*), Kasowitz Benson Torres LLP, New York, NY. |

---

Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 26, 2018, is **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED** for further proceedings.

Plaintiffs-Appellants AmBase Corporation, 111 West 57th Manager Funding LLC, and 111 West 57th Investment LLC (collectively, "AmBase") appeal from the judgment

2

of the district court dismissing for failure to state a claim their federal claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, and declining to exercise supplemental jurisdiction over their state-law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In 2013, AmBase entered into a joint-venture agreement with Defendants-Appellees Michael Stern and Kevin Maloney, as well as their related entities (collectively, "Defendants"), with designs to develop a luxury residential building on West 57th Street in Manhattan. AmBase alleges that Defendants (1) misrepresented their ability to secure a construction loan for the project in June 2013; (2) falsely represented that various capital calls were validly issued under the joint-venture agreement; (3) improperly designated one of Stern's entities as the beneficiary of the cash collateral for the project's insurance policy; (4) caused unauthorized payroll distributions; and (5) made false representations to both AmBase and the project's eventual lenders concerning the project's budget through 2017.[1] Defendants used the mail or wires to facilitate each of these acts.

I.

The district court dismissed AmBase's substantive RICO and RICO conspiracy claims for failure adequately to allege continuity. "We review *de novo* the grant of a Rule

---

[1] In its complaint, AmBase alleged a false certification to receive a loan disbursement occurring as late as August 2017, but on appeal the latest alleged RICO predicate to which AmBase points is a March 2017 false representation.

3

12(b)(6) motion to dismiss for failure to state a claim, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To survive a 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, plausibly to give rise to an entitlement to relief. *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015).

To sustain a civil RICO claim, a plaintiff must plausibly allege, among other things, predicate acts that "amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989). "Such continuity can be closed-ended or open-ended." *Reich v. Lopez*, 858 F.3d 55, 60 (2d Cir. 2017). Closed-ended continuity refers to criminal activity that stretches over a substantial period of time, generally at least two years, regardless of whether it will continue into the future. *Id.* Open-ended continuity, on the other hand, refers to criminal activity "that by its nature projects into the future with a threat of repetition." *Id.* (quoting *H.J.*, 492 U.S. at 241). Regardless of which type of continuity is invoked, continuity is "centrally a temporal concept." *H.J.*, 492 U.S. at 242. AmBase argues that it adequately alleged continuity. We disagree.

As to closed-ended continuity, the district court assumed that AmBase adequately alleged RICO predicates based on (1) Defendants' purportedly having misrepresented their ability to secure a loan in June 2013 and (2) continuing misrepresentations to lenders concerning the project's budget from June 2015 through 2017. This essentially extended

4

the relevant period from 15 months to nearly four years. We have our doubts whether these allegations are sufficient to satisfy Federal Rule of Civil Procedure 9(b)'s particularity requirement. *See* Fed. R. Civ. P. 9(b); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir.1993) (observing that "allegations of predicate mail and wire fraud acts should state the contents of the communications, who was involved, where and when they took place, and explain why they were fraudulent"). In any event, "the mere fact that predicate acts span two years is insufficient, without more, to support a finding of a closed-ended pattern," *see First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 181 (2d Cir. 2004), and we discern no error in the district court's analysis of the "non-dispositive factors" we identified in *GICC Capital Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 467 (2d Cir. 1995). We therefore conclude that AmBase failed to demonstrate closed-ended continuity.

As to open-ended continuity, AmBase insists that at least two of the schemes it alleged—the insurance scheme and the post-June 2015 within-budget certifications—show continuing activity. But AmBase only conclusorily asserts that these schemes necessarily involved continuing criminal activity or were Defendants' regular way of doing business. *See Reich*, 858 F.3d at 60 (observing that open-ended continuity can be demonstrated by showing that the enterprise itself was unlawful, and thus continuity necessarily projects into the future, or that the criminal acts were the defendants' regular way of operating their otherwise lawful business). These allegations are insufficient to

5

demonstrate open-ended continuity.[2] And because AmBase has failed to allege a substantive violation of RICO, its claim of RICO conspiracy also fails. *See First Capital*, 385 F.3d at 182.

II.

Having dismissed AmBase's only federal claims, the district court declined to exercise supplemental jurisdiction over AmBase's state-law claims and dismissed those claims without prejudice. A district court's ruling on supplemental jurisdiction, including whether to dismiss without prejudice or remand to state court, is reviewed for abuse of discretion. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350–51 (1988). We conclude that the district court exceeded its discretion by dismissing these claims rather than remanding them to state court. First, the state-law claims have already been substantially litigated in state court, to the point that certain claims have survived a motion to dismiss. Making AmBase start anew would be unreasonable in these circumstances. Second, Defendants specifically asked for a remand of most of AmBase's state-law claims. And third, because Defendants did not seek dismissal of most of AmBase's state-law claims, and because the district court gave no prior indication that it

---

[2] We also discern no abuse of discretion in the district court's decision to decline to take judicial notice of certain documents. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424 (2d Cir. 2008). Despite its contrary insistence, AmBase attempts to use these documents to buttress its allegations concerning open-ended continuity, a use which would have required the district court impermissibly to consider the documents for the truth of the matters contained therein.

6

was considering dismissal, AmBase had no notice or opportunity to be heard on the issue.³ We therefore vacate the district court's dismissal of AmBase's state-law claims and remand with instructions for the district court to remand those claims to state court.

The judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

³ Defendants fault AmBase for failing request this relief during the hearing at which the district court announced its decision. At that hearing, however, the district court announced only that it was declining to exercise supplemental jurisdiction over AmBase's state-law claims, not that it was dismissing those claims. *See* Sp. App. 10. Additionally, at oral argument Defendants represented that they never requested remand of AmBase's state-law claims. This is not accurate. *See* J. App. 1267 (requesting that the district court "decline to exercise supplemental jurisdiction over the other state law claims and remand this case to the state court").